1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GUCOVSCHI LAW FIRM, PLLC**
Adrian Gucovschi (State Bar No. 360988)
Nathaniel H. Sari (State Bar No. 362634)
165 Broadway, Fl. 23
New York, New York 10005
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
            nathaniel@gucovschilaw.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elaine George, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>Kellanova Inc.,<br><br>      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) UNFAIR COMPETITION<br>(2) CONSUMER LEGAL REMEDIES ACT<br>(3) FALSE ADVERTISING<br>(4) BREACH OF EXPRESS WARRANTY<br>(5) BREACH OF IMPLIED WARRANTY<br>(6) NEGLIGENT MISREPRESENTATION<br>(7) INTENTIONAL MISREPRESENTATION/FRAUD<br>(8) BREACH OF CONSUMER PROTECTION STATUTES<br>(9) UNJUST ENRICHMENT<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Elaine George ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Kellanova Inc. ("Kellanova" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## INTRODUCTION

1.      This class action aims to hold Defendant, Kellanova Inc., responsible for failing to truthfully and accurately label and market its Morning Star Farms products.

2.      Defendant manufactures, distributes, advertises and sells a line of purportedly plant-based bacon, under the brand of Morning Star Farms, shown below (the "Product"):



3.      The Product's front label prominently states the Product is "plant-based" under the words "Bacon Strips."

4.      The representation creates the impression that the Product is made exclusively of non-animal materials.[1]

5.      Defendant uniformly makes the misrepresentation about the Product being "plant-based" in all its online listings, marketing material, and on the Product's packaging.

6.      But this representation is false, as the Product contains animal byproduct – egg whites.

7.      Reasonable consumers understand "plant-based" to mean the Product does not contain animal byproduct.

8.      The presence of egg whites is disclosed, only on the ingredient list and allergen statement on the back panel of the Product, which reasonable consumers do not expect to contradict an unequivocal "plant-based" front-label claim.

9.      Like other reasonable consumers, Plaintiff was deceived by Defendant's unlawful conduct and brings this action individually and on behalf of all similarly situated consumers to remedy Defendant's unlawful acts.

## THE PARTIES

10.      Defendant Kellanova is a Delaware corporation with its principal place of business located at Chicago, Illinois. At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Product.

11.      Plaintiff George purchased the Product at Safeway store in Eureka California, while residing in Eureka, California, in or around November 2023. Prior to purchasing the Product, Plaintiff saw and believed Defendant's representation on the Product's front label that the Product was "plant-based," which caused her to believe the product did not contain any animal byproduct. When shopping for the products, she specifically sought out products that did not contain animal byproduct. When purchasing the Product, Plaintiff did not expect that the Product's "plant-based"

---

[1] One study from Cornell University found that the majority of consumers interpreted the phrase "plant-based" when applied to food to mean the product does not contain any animal byproduct. *See* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3727710 (last accessed December 24, 2025)

representation to be false. Plaintiff did not expect Defendant to publicly place deceptive statements about the Product on the front label of the Product.

12.    Plaintiff saw and relied on the "plant-based" claim on the Product's front label. Plaintiff would not have purchased the Product, or would have paid less for the Product, had she known that the Product was not "plant-based" because the Product contained animal byproduct – egg whites. As a result, Plaintiff suffered injury in fact when she spent money purchasing the Product she would not have purchased, or would have paid less for, absent Defendant's misconduct.

13.    Plaintiff desires to, and would, purchase Defendant's Product again if the Product's label was accurate and if the Product truthfully was plant-based. However, because of Defendant's ongoing misrepresentations, Plaintiff is unable to rely on the Product's labeling when deciding in the future whether to purchase the Product absent corrective injunctive relief. Considering that the Defendant continues to sell the Product, Plaintiff is at an imminent risk of future injury.

14.    Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims for all members of the proposed class are in excess of $5,000,000.00, exclusive of interests and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different from Defendant. The Product is sold at numerous retail stores and Plaintiff is seeking to represent a nationwide class. Thus, there are over 100 members in the proposed class and the proposed class has different citizenships from Defendant. Plaintiff seeks compensatory and statutory damages, disgorgement and restitution. Plaintiff also seeks punitive damages and attorneys' fees and costs. *See Montera v. Premier Nutrition Corp.*, No. 16-CV-06980-RS, 2022 WL 10719057, at *3 (N.D. Cal. Oct. 18, 2022), aff'd, 111 F.4th 1018 (9th

Cir. 2024) (noting lodestar after jury trial in consumer protection action was $6,806,031.96). Thus, Plaintiff estimates that the amount in controversy exceeds $5 million.)

16.     This Court has personal jurisdiction over the parties because Plaintiff resides in this District and because Defendant has, at all times relevant hereto, systematically and continually conducted, and continues to conduct, business in California, including within this District. Defendant therefore has sufficient minimum contacts with this state, including within this District and/or intentionally availed itself of the benefits and privileges of the California consumer market through the promotion, marketing, and sale of its products and/or services to residents within this District and throughout California.

17.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Also, Plaintiff resides in this District and purchased the Product within this District. Moreover, Defendant systematically conducts business in this District and throughout the State of California, and it distributed, advertised, and sold the Product to Plaintiff and Class Members in this State and District.

## FACTUAL BACKGROUND

18.     Defendant sells the Product both online and in stores nationwide.

19.     The front packaging of the Product represents that the Product is "plant-based."

20.    Below is an illustration of what the representation looks like on the packaging of the Product:



21.    Defendant also makes unequivocal "plant-based" representations about the Product in its marketing materials and online listings for its Product.

22.    Defendant's wrongful conduct in making these representations is still ongoing.

23.    It is reasonable to infer from these representations, as Plaintiff did, that the Product would not contain animal byproduct, such as egg whites.

24.    But contrary to Defendant's representations, the Product is not plant-based, as it contains egg whites.

25.     The "plant-based" representation is appealing to consumers as it represents that the product contains no animal byproduct, as an alternative to bacon.

26.     Prior to filing this action, Defendant received notice of the issues complained of herein and/or had actual knowledge of the Product's nonconformity. Any further notice would have been futile.

## CLASS ACTION ALLEGATIONS

27.     ***Class Definition***.  Plaintiff brings this action on behalf of a class of similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). The proposed classes are defined below as (collectively, the "Classes"):

### The Nationwide Class

All persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, who purchased Defendant's Product

### Multi-State Consumer Protection Subclass:

All persons who, during the maximum period of time permitted by law, purchased Defendant's Product in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

### Multi-State Warranty Subclass:

All persons who, during the maximum period of time permitted by law, purchased Defendant's Product in Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming

### California Subclass:

> All persons in California who, during the maximum period of time permitted by the law, purchased Defendant's Product.

28.    Specifically excluded from the Class are Defendant and any entities in which Defendant have a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

29.    Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

30.    ***Numerosity.***  Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, the Class comprises at least millions of consumers.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

31.    ***Commonality and Predominance***.  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a)    Whether Defendant is responsible for the conduct alleged herein which was uniformly directed to all consumers who purchased the Product;

(b)    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Product;

(c)    Whether Defendant made misrepresentation concerning the Product that were likely to deceive the public;

(d)    Whether Plaintiff and the Class are entitled to injunctive relief;

(e)    Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

32.    ***Typicality.*** Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class

was susceptible to the same deceptive, misleading conduct and purchased the Product. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

33.    *Adequacy*.  Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests, and Plaintiff has retained counsel that have considerable experience and success in prosecuting complex class-actions and consumer-protection cases.

34.    *Superiority*.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Class; the Class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

35.    Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

36.    Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and members of the Class and will likely retain the benefits of its wrongdoing.

37.    Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

## Count I:
### Violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*. (On behalf of the Plaintiff and California Subclass)

38.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

39.    Plaintiff brings this claim under the UCL individually and on behalf of the California Class against Defendant.

40.     The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising. Defendant committed unlawful business acts or practices by making the representations and omitted material facts (which constitute advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§1750, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, 15 U.S.C. § 45, and by breaching express and implied warranties. Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

41.     Defendant committed "unfair" business acts or practices by: (a) engaging in conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and (3) engaging in conduct that undermines or violates the intent of the consumer protection laws alleged herein. There is no societal benefit from deceptive advertising. Plaintiff and the other Class members paid for the Product that is not as advertised by Defendant. Further, Defendant failed to disclose a material fact (that the Product is not plant-based as it contains egg whites) of which it had exclusive knowledge. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and material omissions. As a result, Defendant's conduct is "unfair," as it offended an established public policy. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

42.     Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding the products set forth herein. Defendant's business

practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers into believing the Product is plant-based i.e. devoid of animal byproduct.

43.    Plaintiff and the other members of the Class have in fact deceived as a result of their reliance on Defendant's material representations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Product. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Product and Defendant's unlawful, unfair, and fraudulent practices.

44.    Defendant's wrongful business practices and violations of the UCL are ongoing.

45.    Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount of which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

46.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the California Class, seeks (1) restitution from Defendant of all money obtained from plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3) all other relief this Court deems appropriate, consistent with California Business& Professions Code section 17203.

**Count II**
**Violations of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500,** *et seq.*
**(On Behalf of Plaintiff and the California Subclass)**

47.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

48.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

49.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state,  …in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

50.     Defendant committed acts of false advertising, as defined by § 17500, by using statements to promote the sale of its Product representing on the front label of the Product and in the Product's online listing and marketing materials that the Product is "plant-based." In doing so, Defendant misrepresented the nature of the Product, because it actually contained animal byproduct – egg whites.

51.     Defendant knew or should have known that its advertising claims have not been substantiated and are misleading and/or false.

52.     Defendant knew or should have known, through the exercise of reasonable care, that its representations were false and misleading and likely to deceive consumers and cause them to purchase Defendant's Product.

53.     Defendant's wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated through the State of California and nationwide.

54.     Plaintiff, individually and on behalf of all similarly situated California consumers, seeks individual, representative, and public injunctive relief and any other necessary orders or judgments that will prevent Defendant from continuing with its false and deceptive advertisements and omissions; restitution that will restore the full amount of their money or property; disgorgement of Defendant's relevant profits and proceeds; and an award of costs and reasonable attorneys' fees.

**Count III**
**Violations of California's Consumers Legal Remedies Act ("CLRA"),**
**Cal. Civ. Code §§ 1750, *et seq.***
**(On Behalf of Plaintiff and the California Subclass)**

55.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

56.     Plaintiff brings this claim on behalf of herself and the California Subclass against Defendant.

57.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorships, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person have a sponsorship, approval, status, affiliation, or connection which he or she does not have."

58.     Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

59.     Civil Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

60.     Defendant's wrongful business practices constituted, and still constitute, a continuing course of conduct in violation of the CLRA.

61.     Plaintiff and the Class suffered economic injury as a direct result of Defendant's misrepresentations and/or omissions because they were induced to purchase the Product they would not have otherwise purchased or would have paid less had Defendant had not made its misrepresentations about the Product being plant-based.

62.     On July 5, 2025, Plaintiff notified Defendant in writing, by certified mail, of the violations alleged herein and demanded that Defendant remedy those violations pursuant to Cal. Civ. Code 1782. Defendant failed to correct its business practices or provide the requested relief within 30 days.

63.    Pursuant to California Civil Code 1780(a)(1)-(5) and 1780(e), Plaintiff and the California Subclass seek, in addition to injunctive relief, monetary damages from Defendant, reasonable attorneys' fees and litigation costs, and any other relief the Court deems proper under.

### Count IV
### Breach of Express Warranty[2],
### Cal. Com. Code. § 2313(1)
### (On Behalf of Plaintiff and the Multi-State Warranty Class)

64.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

65.    Plaintiff brings this claim for breach of express warranty individually and on behalf of the Multi-State Warranty Class against Defendant.

66.    Plaintiff and the Multi-State Warranty Class Members formed a contract with Defendant at the time Plaintiff and the Multi-State Warranty Class Members purchased the Products.

67.    The terms of the contract include the promise and affirmations of fact made by Defendant on the Product's packaging that it is "plant-based."

68.    As the manufacturer, marketer, distributor, and seller of the Product, Defendant issued an express warranty by representing to consumers at the point of purchase that the Product is "plant-based."

---

[2] While discovery may alter the following, Plaintiff asserts that the states with similar express warranty laws under the facts of this case include, but are not limited to: Alaska Stat. § 45.02.313; A.R.S. § 47-2313; Ark. Code § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. § 42a-2-313; 6 Del. C. § 2-313; D.C. Code § 28:2 313; Ga. Code § 11-2-313; HRS § 490:2- 313; Idaho Code § 28-2-313; 810 ILCS 5/2-313; Ind. Code § 26-1-2-313; K.S.A. § 84-2-313; KRS § 355.2-313; 11 M.R.S. § 2-313; Mass. Gen. Laws Ann. ch. 106 § 2-313; Minn. Stat. § 336.2-313; Miss. Code Ann. § 75-2-313; R.S. Mo. § 400.2-313; Mont. Code Anno. § 30-2 313; Neb. Rev. Stat. § 2- 313; Nev. Rev. Stat. Ann. § 104.2313; RSA 382-A:2 313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. § 25-2-313; N.D. Cent. Code § 41-02-30; ORC Ann. § 1302.26; 12A Okl. St. § 2-313; Or. Rev. Stat. § 72-3130; 13 Pa. C.S. § 2313; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Codified Laws, § 57A 2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code § 2.313; Utah Code Ann. § 70A-2-313; 9A V.S.A. § 2-313; Va. Code Ann. § 59.1-504.2; Wash. Rev. Code Ann. § 62A.2-313; W. Va. Code § 46- 2-313; and Wyo. Stat. § 34.1-2-31.

69.     Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Product being "plant-based."

70.     Defendant's representations were part of the descriptions of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and members of the Class.

71.     In fact, the Product does not conform to Defendant's representations because the Product is not devoid of animal byproduct. By falsely representing the Product in this way, Defendant breached express warranties.

72.     Plaintiff relied on Defendant's representations on the Product's labels and advertising materials which provide the basis for an express warranty under California law.

73.     As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for Products that were not as Defendant represented; (2) were deprived of the benefit of the bargain because the Product they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Product they purchased had less value than if Defendant's representations about the characteristics of the Product were truthful.

74.     Had Defendant not breached express warranties by making false representations as alleged herein, Plaintiff and the Multi-State Class Members would not have purchased the Product or would not have paid as much as they did for them.

### Count V
### Breach of Implied Warranty,
### Cal. Com. Code. § 2314

75.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

76.     Plaintiff brings this claim for breach of implied warranty individually and on behalf of all Classes against Defendant.

77.     Plaintiff and the Class purchased the Product manufactured, advertised, and sold by Defendant, as described herein.

78.    Defendant, through its act and omissions set forth herein, in the sale, marketing, and promotion of the Product, misrepresented the characteristics of the products to Plaintiff and the Class.

79.    Defendant is merchant with respect to the goods of this kind of which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those were merchantable.

80.    However, Defendant breached that implied warranty in that the Product is not "plant-based" as it contains animal byproduct.

81.    As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that the Product did not conform to promises and affirmations made on the label of the Product.

82.    Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranties in the amount of the Product's price premium.

## Count VI
### Negligent Misrepresentation

83.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

84.    Plaintiff brings this claim for negligent misrepresentation individually and on behalf of all Classes against Defendant.

85.    Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Product because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

86.    During the applicable class period, Defendant negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Product, including the fact that the Product contains animal byproduct, despite being advertised as "plant-based."

87.     Defendant made such false and misleading statements and omissions with intent to induce Plaintiff and Class Members to purchase the Product at premium price.

88.     Defendant was careless in ascertaining the truth of its representations in that it knew or should have known that Plaintiff and Class Members would be overpaying for the Product.

89.     Plaintiff and Class Members were unaware of falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

90.     Plaintiff and Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known.

**Count VII**
**Intentional Misrepresentation/Fraud**

91.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

92.     Plaintiff brings this claim for intentional misrepresentation and fraud individually and on behalf of all Classes against Defendant.

93.     Defendant had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Product because Defendant was in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members was justified. Defendant possessed the skills and expertise to know the type of information that would influence a consumer's purchasing decision.

94.     During the applicable class period, Defendant intentionally misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Product, including the fact that the Product contains animal byproduct, egg whites, despite being advertised as "plant-based." These representations were material and were uniformly made.

95.     As noted in detail above, these representations were false and misleading, as the Product is not devoid of animal byproduct. Defendant made these misrepresentations with actual knowledge of their falsity and/or made them with fraudulent intent.

96.    Defendant made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Product at a premium price, deprive Plaintiff and Class Members of property or otherwise causing injury, and thus, Defendant has committed fraud.

97.    Defendant's deceptive or fraudulent intent is evidenced by motive and opportunity. Defendant knew that consumers would pay more for the Product if they believed it was completely devoid animal byproduct. For that reason, Defendant misrepresented the Product so that Defendant could realize greater profits. Defendant knew that consumers would place trust and confidence in its Product's claims and rely thereon in their purchases of the Product.

98.    Plaintiff and the Class Members were unaware of the falsity in Defendant's misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Product.

99.    As proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class were induced to purchase the Product at a premium.

100.    Plaintiff and the Class Members would not have purchased the Product or paid as much for the Product if the true facts had been known.

101.    As a result of their reliance, Plaintiff and the Class Members were injured in an amount to be proven at trial, including, but not limited to, their lost benefit of the bargain and overpayment of the time of purchase.

102.    Defendant's conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in reckless disregard for the rights of Plaintiff and Class Members. Plaintiff and Class Members are therefore entitled to an award of punitive damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Count VIII</u>
**Breach of Consumer Protection Statutes[3]**
**(On Behalf of Plaintiff and the Multi-State Consumer Protection Subclass)**

103.    Plaintiff hereby incorporates the foregoing paragraphs as if fully stated herein.

104.    Plaintiff brings this claim individually and on behalf of the Multi-State Consumer Protection Subclass against Defendant.

105.    Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive members of the Multi-State Consumer Protection Subclass and the public. As described throughout this Complaint, Defendant misrepresents that the Products are "plant-based" when they contain animal byproduct.

106.    The foregoing deceptive acts and practices were directed at consumers.

107.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

---

[3] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.;  Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

108.    As a result of Defendant's deceptive practices, Plaintiff and the Multi-State Consumer Protection Subclass suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known that the Products were not, in fact, plant-based.

109.    Plaintiff and the Multi-State Consumer Protection Subclass seek to recover their actual damages, statutory damages, punitive damages, and reasonably attorneys' fees and costs.

### Count IX
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Nationwide Class)**

110.    Plaintiff hereby incorporates the foregoing paragraphs as if fully stated herein.

111.    Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under California law, or, in the alternative, on behalf of the respective state laws of the Nationwide Class, which are substantially similar to the law of unjust enrichment. California law requires: (1) receipt of a benefit; (2) unjust or wrongful retention of the benefit; and (3) at the expense of another.

112.    To the extent required, Plaintiff asserts this cause of action in the alternative to legal claims, as permitted by Rule 8.

113.    Plaintiff and the Class Members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money they paid to Defendant.

114.    Defendant knew of the benefit conferred on it by Plaintiff and the Class Members.

115.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class Members' purchases of the Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant omitted that the Product was not actually plant-based because it contained animal byproduct (egg whites). This caused injuries to Plaintiff and Class Members because they would not have purchased the Products or would have paid less for them if the true facts concerning the Products had been known.

116.    Defendant accepted and retained the benefit in the amount of the gross revenues derived from sales of the Products to Plaintiff and Class Members.

117.    Defendant has thereby profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

118.    Plaintiff and Class Members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the Products.

119.    As a direct and proximate result of Defendant's actions, Plaintiff and the Class Members have suffered in an amount to be proven at trial.

120.    Plaintiff and the Class Members have suffered an injury in fact and have lost money as a result of Defendant's unjust conduct.

121.    Plaintiff and the Class Members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

122.    Legal remedies available to Plaintiff and the Class Members are inadequate because they are not equally prompt, certain, or efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines Plaintiff fails to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money a defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles a plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because such claims require different elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

123.    Equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Products are determined to be an amount less than the premium price of the Products. Without compensation for the full premium

price of the Products, Plaintiff and the Class Members would be left without the parity in purchasing power to which they are entitled.

## Request for Relief

124.    Plaintiff, individually, and on behalf of all others similarly situated, requests for relief pursuant to each claim as follows:

a.    Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b.    Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c.    Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

d.    Ordering damages in amount which is different than that calculated for restitution for Plaintiff and the Class;

e.    Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

f.    Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g.    Ordering other relief as many be just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 28, 2026                    Respectfully submitted,

                                           **GUCOVSCHI LAW FIRM, PLLC**

                                           By: */s/ Nathaniel H. Sari*

                                           Nathaniel Haim Sari (State Bar No. 362634)
                                           Adrian Gucovschi (State Bar No. 360988)

165 Broadway, Fl. 23
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
          nathaniel@gucovschilaw.com

*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Nathaniel Sari, declare as follows:

1.     I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am of counsel at Gucovschi Law Firm, PLLC, counsel of record for Plaintiff Elaine George in this action.  Plaintiff Elaine George alleges that she is a citizen of California who resides in Eureka, California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.     The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that Kellanova, regularly does business in the Northern District of California, and a substantial portion of the events alleged in the Complaint, including the same misrepresentations, omissions, and injuries as alleged herein, have occurred in this District.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed at Miami, Florida, on Wednesday, January 28, 2026.


  */s/ Nathaniel H. Sari*
Nathaniel H. Sari